## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | |
| | § | CASE NUMBER 6:14-CR-00025-JDK-JDL |
| VICTOR GRANT (2), | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On August 30, 2019, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Victor Grant. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Kenneth Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Possess with Intent to Distribute Methamphetamine and Heroin, a Class C felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 25 and a criminal history category of I, was 57 to 71 months. On December 3, 2014, District Judge Michael H. Schneider sentenced Defendant to 66 months imprisonment followed by three years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, testing and treatment for drug abuse, acquisition of a GED certificate, and a $100 special assessment. On February 15, 2019, Defendant completed the term of imprisonment and began his term of supervised release. On July 2, 2019, the terms of supervision were modified to include 180 days placement in a residential reentry center.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from possessing controlled substances. In its petition, the government alleges Defendant violated the

conditions of his supervised release when he tested positive for cocaine use on April 24, April 30, June 28, and August 4, 2019. Under Fifth Circuit case law, the Court can find that illicit drug use constitutes possession.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing cocaine on April 24, April 30, June 28, and August 4, 2019, Defendant will have committed a Grade B violation. Tex. Health & Safety Code § 481.115; U.S.S.G. § 7B1.1(a)(2). Upon a finding of a Grade B violation, the Court shall revoke the term of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegation 1 of the government's petition. In exchange, the government agreed to recommend to the Court a sentence of four months imprisonment, with a two-year term of supervised release to follow.

The Court therefore **RECOMMENDS** that Defendant Victor Grant's plea of true be accepted and he be sentenced to four months imprisonment, with a two-year term of supervised release to follow. The Court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, if available, or in the alternative, FCI Texarkana. The Court further

**RECOMMENDS** that Defendant receive substance abuse treatment and counseling, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration**.**

**So ORDERED and SIGNED this 30th day of August, 2019.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE