# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 6:14-CR-00025-JDK** |
| | § | |
| v. | § | |
| | § | |
| **VICTOR GRANT (2),** | § | |
| | § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On February 28, 2023, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Victor Grant. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Possess with Intent to Distribute Methamphetamine and Heroin, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The United States Sentencing Guideline, range based on total offense level of 25 and criminal history category of I, was 51 to 71 months. On December 3, 2014, District Judge Michael Schneider sentenced Defendant to 66 months imprisonment followed by 3 years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, acquire GED, and a $100 special assessment. On February 15, 2019, Defendant completed his term of imprisonment and began his term of supervision. On August 30, 2019, Defendant's term of supervision was revoked after he used illicit substances and he was thereafter sentenced to four months imprisonment

1

followed by a 2 year term of supervision. On December 27, 2019, Defendant began his second term of supervision.

Under the terms of supervised release, Defendant was required to refrain from committing another federal, state, or local crime. In Allegation 3 of its petition, the government alleges that Defendant violated his conditions of supervised release on April 7, 2021, when he was arrested for Unlawful Possession of a Firearm by a Felon, a Third Degree Felony.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by committing the offense of Unlawful Possession of a Firearm by a Felon, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision as outlined above. In exchange, the government agreed to recommend to the court a sentence of seven months imprisonment to run consecutive to Defendant's state sentence number 114-1164-21, with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant Victor Grant's plea of true be accepted and that he be sentenced to seven months imprisonment to run consecutive to the state sentence imposed in Cause No. 114-1164-21 with no supervised release to follow. The court further **RECOMMENDS** that the place of confinement be FCI Texarkana or Seagoville, if Texarkana is unavailable. The court further **RECOMMENDS** that Defendant receive drug

treatment while incarcerated. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 28th day of February, 2023.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE